# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                       Case No.    05-C-182
                                                           (92-CR-178)

**REGINALD ALLISON,**

        **Movant.**

## ORDER PURSUANT TO RULE 4

      Reginald Allison ("Allison"), who is currently incarcerated at the Federal Correctional Institution in Milan, Michigan, moves this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. This Court entered an amended judgment against Allison on April 15, 1999, sentencing him to 210 months imprisonment and five years supervised release for heroin-related offenses in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2.

      Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts states that a judge must promptly examine § 2255 motions and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Sec. 2255 Proceedings for the United States District Courts, Rule 4(b).

Allison's motion identifies seven grounds for relief. First, Allison claims that he was sentenced in violation of the Sixth Amendment's "confrontation clause." Allison supports this ground by stating that a quantity of drugs was attributed to him, based on a presentence report that contained out-of-court statements by a witness who did not appear at Allison's trial. Second, Allison claims that an anonymous tip received by police officers did not provide sufficient grounds under the Fourth Amendment to justify the ensuing search. Third, Allison claims that the evidence admitted at his trial was obtained illegally without a search warrant. Fourth, Allison alleges that counsel at his re-sentencing was ineffective for incorrectly calculating the drug quantity attributable to Allison. Fifth, Allison contests the Court's determination that drugs transported by his co-defendants was relevant conduct for sentencing because the Court did not expressly find that those transactions were part of the same course of conduct. Sixth, Allison claims an equal protection violation because the Court decreased the charges and penalties for one of his co-defendants. Seventh, and finally, Allison challenges the jurisdiction of this Court.

The first issue that the Court must address is the possibility that Allison's submission is an unauthorized successive motion filed in contravention of 28 U.S.C. §§ 2244(3) & 2255 ¶ 8. A review of Allison's criminal docket shows that the Court considered a § 2255 motion filed by Allison on April 24, 1997. In an Order dated February 3, 1999, the Court granted Allison's motion in part and denied it in part. Specifically, the Court vacated Allison's sentences on Counts One through Three; Count Four of the indictment was dismissed. These

2

were all of the Counts in the superseding indictment in which Allison was implicated. The Court entered an amended judgment on April 15, 1999.

Allison also submitted a § 2255 motion on August 14, 2000. By Order of this Court dated October 24, 2001, that motion was dismissed as an unauthorized successive collateral attack.

The Seventh Circuit has identified certain instances in which motions should not be deemed successive. For example, a collateral attack should be disregarded for counting purposes if a motion was denied for technical reasons such as unripeness or failure to exhaust state remedies. *See Shepeck v. United States*, 150 F.3d 800, 801 (7th Cir. 1998). Also, a second motion "attacking for the first time the constitutionality of a newly imposed sentence is not a second or successive petition." *See Walker v. Roth*, 133 F.3d 454, 455 (7th Cir. 1997). However, when a prisoner has succeeded on a first habeas filing, he may not bring a second petition challenging his conviction; at that point, only his resentencing is vulnerable to collateral attack absent authorization to file a successive motion from the Court of Appeals. *Id*. n.1.

The present motion was docketed by the Clerk of Court on February 16, 2005. Previously, on August 14, 2000–after the entry of amended judgment–Allison had filed a § 2255 motion. The August 14, 2000 motion was dismissed by the Court, in an order dated October 24, 2001, as successive. A review of the docket in Allison's criminal case reveals that his August 14, 2000 motion was the first § 2255 motion filed *subsequent* to the Court's

3

entry of amended judgment. Therefore, Allison's motion should have been deemed successive only insofar as he raised grounds that could have been addressed in his prior motion filed on April 24, 1997. Two of the grounds in Allison's August 14, 2000 petition concerned his trial and conviction, and, accordingly, could not be considered by the Court absent authorization from the Court of Appeals. However, two grounds concerned his re-sentencing and should have been considered. Allison, in his most recent motion, has raised those two grounds once again, so, the Court will have an opportunity to consider them fully.

In his most recent § 2255 motion, two of the grounds for relief forwarded by Allison clearly relate to his conviction. His Fourth Amendment claims related to the use of illegally obtained evidence, as well as his arguments related to the insufficiency of the anonymous tip that caused the police to conduct an investigation and search, cannot be brought absent permission from the Court of Appeals. These two grounds must be dismissed because the Court lacks jurisdiction to entertain them.

Next, the Court examines Allison's arguments focused on an alleged violation of the Sixth Amendment's confrontation clause. Allison invokes *Crawford v. Washington*, 541 U.S. 36 (2004). Allison objects to certain statements that were included in his presentence report. Insofar as it concerns his re-sentencing and not his conviction, this ground is properly before the Court and not barred by the prohibition on unauthorized, successive filings. Nevertheless, Allison's argument will not withstand Rule 4 dismissal. The Seventh Circuit recently held that *Crawford* "is not a watershed change" implicating the fundamental fairness

4

and accuracy of criminal proceedings. *Bintz v. Bertrand*, 403 F.3d 859, 867 (7th Cir. 2005). As such, *Crawford* is not retroactively applicable to cases, such as Allison's, that are before the Court on collateral review. Allison's request for relief based on a violation of his rights under the Sixth Amendment's confrontation clause pursuant to *Crawford* is without merit and is dismissed.

The Court need not spend any time on Allison's challenge to the jurisdiction of this Court. The Court has jurisdiction to adjudicate violations of federal law. Allison's argument challenging this Court's jurisdiction is frivolous.

This leaves Allison with three claims: his counsel at re-sentencing was ineffective based on an erroneous drug amount calculation; the Court failed to make an explicit determination that drugs transported by Allison's co-defendants were part of the same course of conduct; and Allison's sentence violated the Fourteenth Amendment's Equal Protection Clause because one of his co-defendants received a lighter sentence. These three claims will withstand Rule 4 analysis with a slight modification: the Equal Protection Clause of the Fourteenth Amendment does not apply to the federal government. The Court will treat this ground as a claimed violation of the Fifth Amendment's Due Process Clause. *See Simpson v. United States*, 342 F.2d 643, 646 n.1 (7th Cir. 1965). Relative to these remaining claims, the Court cannot say that "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing

Sec. 2255 Proceedings for the United States District Courts, Rule 4(b). Accordingly, the United States will be ordered to provide a response thereto.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Court dismisses Allison's claimed Fourth Amendment violations and his objections to the admission of evidence at his trial for lack of jurisdiction.

The Court dismisses Allison's claim that he was sentenced in violation of the Sixth Amendment's Confrontation Clause.

The Court dismisses Allison's challenge to this Court's jurisdiction over his criminal action.

The respondent be and hereby is directed to serve and file an answer to the remaining claims in Allison's motion no later than August 15, 2005. Specifically, the respondent should address Allison's claims related to ineffective assistance of counsel, violation of his Fifth Amendment Due Process Rights, and the Court's determination of relevant conduct at his sentencing.

Allison is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the Court to the respondent or the respondent's attorney. Allison should also retain a personal copy of each document. If he does not have access to a photocopy machine, he may send out identical handwritten or typed

copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to each respondent or to the respondent's attorney.

Dated at Milwaukee, Wisconsin this 11th day of July, 2005.

                                    **BY THE COURT**

                                    s/ Rudolph T. Randa
                                    **Hon. Rudolph T. Randa**
                                    **Chief Judge**